UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE MORRISON, ERLINDA DEL ROSARIO, MARIE DEL ROSARIO, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br>vs.<br><br>CREDIT ACCEPTANCE CORPORATION, and DOES 1-50, inclusive,<br><br>Defendant. | Case No. C10-00549 PJH<br><br><u>CLASS ACTION</u><br><br>**REVISED [PROPOSED] ORDER CERTIFYING CLASS FOR SETTLEMENT PURPOSES, GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:  September 8, 2010<br>Time:  9:00 a.m.<br>Dept.: Courtroom 3, 3rd Floor, Oakland<br>Hon. Phyllis J. Hamilton |

**THIS MATTER HAVING** come before this Court for an Order preliminarily certifying a settlement class and preliminarily approving a settlement between the Plaintiffs ANDRE MORRISON, ERLINDA DEL ROSARIO, and MARIE DEL ROSARIO ("Plaintiffs"), individually and on behalf of the proposed Settlement Class ("Class"), and Defendant CREDIT ACCEPTANCE CORPORATION ("CREDIT ACCEPTANCE"), and this Court having reviewed the Settlement Agreement and attachments thereto, executed by the parties, and submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement, filed August 4, 2010, and the parties having consented to the entry of this Order;

**IT IS HEREBY ORDERED** as follows:

1.      This Order of Preliminary Approval incorporates the Settlement Agreement, and the terms used in this Order shall have the meanings and/or definitions given to them in the

Settlement Agreement, as submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement, filed August 4, 2010.

For purposes of the Settlement, and conditioned upon the Settlement receiving final approval following the Fairness Hearing and upon the occurrence of the Effective Date of Settlement, this Court hereby conditionally certifies a Settlement Class, defined as follows and subject to the stated exclusions below.  All persons:

(1) who purchased a Motor Vehicle, and as part of that transaction entered into an agreement subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code §2981, *et seq.*;

(2) whose contract was assigned to CREDIT ACCEPTANCE;

(3) whose Motor Vehicle was repossessed or voluntarily surrendered;

(4) who were issued an NOI by CREDIT ACCEPTANCE during the Class Period (December 8, 2005 to January 18, 2010); and

(5) against whose account a deficiency balance was assessed in any amount.

The Settlement Class does not include persons who have obtained a bankruptcy discharge of the alleged debt to CREDIT ACCEPTANCE or persons who filed for bankruptcy but whose cases are still pending in the bankruptcy court.  The Settlement Class also does not include any person against whom CREDIT ACCPEPTANCE obtained a judgment prior to January 1, 2010.

The Settlement, on the terms and conditions stated therein, is preliminarily approved by this Court as being fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval.  This Court specifically finds that the Settlement resulted from extensive arms-length negotiation, the Settlement is sufficient to warrant dissemination of notice of the Settlement, and of the Fairness Hearing on said

Settlement, to the Settlement Class, and the Representative Plaintiffs and Class Counsel provisionally are found to fairly and adequately represent the interests of the Class and to satisfy the requirements to be representatives of and counsel to the Settlement Class.

2.  A Final Fairness Hearing shall be held on January 12, 2011 at 9:00 a.m. before the Honorable Phyllis J. Hamilton of the United States District Court, Northern District of California, located at 1301 Clay Street, Oakland, California, to consider: (a) the fairness, reasonableness and adequacy of the proposed Settlement; (b) whether the Settlement should be finally approved by this Court; (c) the application of Class Counsel for an award of Attorneys' Fees and Expenses; (e) the application of an incentive award to the Class representatives; and (e) such other matters as this Court may deem proper and necessary.

3.  The Notice of Proposed Settlement attached to the Settlement Agreement as Exhibit B is hereby approved for the purpose of notifying the Settlement Class as to the proposed Settlement, the Fairness Hearing, and the rights of members of the Settlement Class, and it shall be sent substantially in the form approved to the members of the Settlement Class. The Class Administrator responsible for implementing the Notice to the Settlement Class is: Tilghman & Co.

4.  As set forth in the Settlement Agreement, the Class Administrator shall provide individual notice to all Settlement Class members. The Class Notice shall be sent, at CREDIT ACCEPTANCE's expense, to the respective members of the Settlement Class via first class postage pre-paid U.S. Mail on or before 30 days from the issuance of this Order of Preliminary Approval.

5.  Prior to the Final Fairness Hearing, the Class Administrator shall provide declarations to the Court, with copies to Class Counsel and counsel for CREDIT ACCEPTANCE CORPORATION, attesting to the measures undertaken to provide Notice to the members of the

Settlement Class.

6. The Notice of Proposed Settlement to the Settlement Class, as set forth in Exhibit B to the Settlement Agreement, and approved by this Order, is the best notice practicable, and is reasonably calculated, under the circumstances, to apprise the Settlement Class members of the pendency of the Action and their right to participate in, object to, or exclude themselves from the Settlement. This Court further finds that the Notice of Proposed Settlement is due and sufficient notice of the Final Fairness Hearing, the Settlement, the application for attorneys' fees, and expenses, and incentive award, and other matters set forth therein, and that the Notice of Proposed Settlement fully satisfies Federal Rules of Civil Procedure and due process of law, to all persons entitled thereto. As set forth in the Settlement Agreement, CREDIT ACCEPTANCE CORPORATION shall be responsible for all costs and expenses incurred in connection with disseminating the Notice to the Class.

7. Any Settlement Class Member who intends to object ("Objector") to the fairness, reasonableness and adequacy of the Settlement ("Objections") must file a written objection with the Class Administrator and mail a copy to CREDIT ACCEPTANCE CORPORATION's counsel and to Class Counsel at the addresses set forth below, postmarked within 60 days after Class Notice is mailed. Any Objector must set forth his/her full name, current address and telephone number. Objections must be served:

Upon CREDIT ACCEPTANCE at:

Mark D. Lonergan
Severson & Werson
One Embarcadero Center
Suite 2600
San Francisco, CA 94111

//

//

Upon Class Counsel at:

Bryan Kemnitzer
Nancy Barron
KEMNITZER BARRON & KRIEG LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108

and

Mark A. Chavez
Nance F. Becker
CHAVEZ & GERTLER
42 Miller Ave.
Mill Valley, CA 94941

and

Quyen Tu
Public Law Center
601 Civic Center Drive West
Santa Ana, CA 92701-4002

Objectors must state in writing all objections and the reasons therefor, and a statement whether the Objector intends to appear at the Fairness Hearing(s). No Objector shall be entitled to be heard at the Final Fairness Hearing, and no written objections or briefs submitted by an Objector shall be received or considered by this Court at the Final Fairness Hearing, unless the Objector has fully complied with all terms and conditions set forth in the Notice of Proposed Settlement as approved herein, and as set forth in the Settlement Agreement. If an Objection is overruled, the Objector will be bound by the terms of the Settlement. Settlement Class members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement.

8.   Members of the Settlement Class may elect to exclude themselves from the Settlement Agreement, relinquishing their rights to any and all benefits under the Settlement Agreement. Members of the Settlement Class who exclude themselves from the Settlement will not release

their claims pursuant to the release set forth in the Settlement Agreement. A Settlement Class member wishing to exclude himself/herself from the Settlement must so notify the Class Administrator by letter postmarked within 60 days after Class Notice is mailed which in all respects complies with the terms and conditions for exclusion as set forth in the Notice of Proposed Settlement, approved herein. Members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Settlement.

9. Any member of the Settlement Class who submits a timely request for exclusion may not file an Objection to the Settlement and shall be deemed to have waived any rights or benefits under the Settlement Agreement.

10. The Court shall hold a Final Fairness Hearing in this matter on January 12, 2011. Class Counsel shall file their Motion for Final Approval and all supporting papers not later than twenty-one (21) days before the Final Fairness Hearing. Should Defendant's counsel file briefing in relation to Final Approval, such briefing shall be filed no later than seven (7) days before the Final Fairness Hearing.

11. In the event that (a) this Court does not finally approve the settlement as provided in the Settlement Agreement; (b) this Court does not enter the Final Order and Judgment as provided in all material respects and substantial form set forth in the Settlement Agreement; or (c) the Settlement does not become final for any other reason, and the Parties, following reasonable efforts, do not agree in writing to modify the Settlement Agreement and the Settlement is not consummated, then the Settlement Agreement shall be null and void and any order or judgment entered by this Court in furtherance of this settlement shall be vacated *nunc pro tunc*. In such a case, the Parties shall proceed in all respects as if the Settlement Agreement had not been

executed and the Parties shall in no way be prejudiced in proceeding with or defending this litigation, the conditional class certification effected herein will be null and void, and CREDIT ACCEPTANCE shall have the right to object to certification of the Settlement Class or any other class at any future time.

12. For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

13. The parties are directed to carry out their obligations under the Settlement Agreement.

14. Dates for performance:

(a) Class Notices to be mailed to all known Settlement Class Members by October 8, 2010.

(b) Opt out date for Class Members is December 7, 2010.

(c) Objections to settlement to be filed by December 7, 2010.

(e) Final Approval Hearing to be held on January 12, 2011.

(f) Plaintiffs' counsel to file and serve their papers in support of settlement and request for attorneys' fees by December 21, 2010.

(g) Response to objections of class members to be filed not later than 5 days prior to the Final Approval Hearing.

**SO ORDERED**

Dated: September 8, 2010

_____
HON. PHYLLIS J. HAMILTON

PROOF OF SERVICE

Re: *Morrison v. Credit Acceptance, et al.*
USDC-ND California Case No. C10-00549 PJH
Alameda County Superior Court Case No. RG09488023

I, Sean R. Barry, certify that I am not a party to the proceeding herein, that I am and was at the time of service over the age of 18 years old, and a resident of the State of California. My business address is 445 Bush Street, San Francisco, California 94108.

On September 8, 2010, I served the following:

**REVISED [PROPOSED] ORDER CERTIFYING CLASS FOR SETTLEMENT PURPOSES, GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

by depositing true copies thereof, enclosed in separate, sealed envelopes, each of which was addressed respectively to the person(s) and address(es) shown below, for collection and processing for mailing following this business' ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with the postage thereon fully prepaid, in the United States mail at San Francisco, California.

Mark D. Lonergan
Regina J. McClendon
Erik Kemp
SEVERSON & WERSON
One Embarcadero Center, Ste. 2600
San Francisco, CA 94111
**Attorneys for Defendant CREDIT ACCEPTANCE CORPORATION**

William M. Krieg
KEMNITZER, BARRON & KRIEG
2014 Tulare St., Ste. 700
Fresno, CA 93721
**Co-Attorneys for Plaintiff**

Mark A. Chavez
CHAVEZ & GERTLER
42 Miller Ave.
Mill Valley, CA 94941
**Co-Attorneys for Plaintiff**

Quyen M. Tu
PUBLIC LAW CENTER
601 Civic Center Dr. West
Santa Ana, CA 92701

    I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 8, 2010

                                              Sean R. Barry