UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE MORRISON, ERLINDA DEL ROSARIO, MARIE DEL ROSARIO, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br>vs.<br><br>CREDIT ACCEPTANCE CORPORATION, and DOES 1-50, inclusive,<br><br>Defendant. | Case No. C10-00549 PJH<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] FINAL ORDER AND JUDGMENT<br><br>Unlimited Civil Case<br><br>Date: **January 12, 2011**<br>Time: **9:00 a.m.**<br>Courtroom 3, 3rd Floor, Oakland<br>Hon. Phyllis J. Hamilton |

THIS MATTER HAVING come before the Court for a hearing on January 12, 2011 pursuant to the motion filed to determine whether the Settlement Agreement between the named Plaintiffs ("Plaintiffs"), ANDRE MORRISON, ERLINDA DEL ROSARIO, and MARIE DEL ROSARIO, individually and on behalf of the proposed Settlement Class ("Class"), and Defendant CREDIT ACCEPTANCE CORPORATION ("CREDIT ACCEPTANCE") is fair and reasonable and should be approved as being in the best interests of the Settlement Class, and for the purpose of determining attorneys' fees and costs to be awarded, and Notice of the hearing, the Settlement and application for attorneys' fees and reimbursement of expenses having been given pursuant to the Settlement and as set forth in this Court's Preliminary Approval Order of September 8, 2010, and Proof of Notice having been filed with the Court, all persons present or represented at the hearing, who were entitled to be heard pursuant to the Notice, having been given an opportunity to be heard, Counsel for the parties having appeared in support of the

Settlement, and the Court having considered all documents filed in support of the Settlement and fully considered all matters raised, all exhibits and affidavits filed and all evidence received at the hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

**IT IS ORDERED, ADJUDGED AND DECREED** on this _____ day of _____, 2011, that:

1. This Final Judgment incorporates the Settlement Agreement, and the capitalized terms used in this Order shall have the meanings and/or definitions given to them in the Settlement Agreement, as submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement, filed September 8, 2010.

2. This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all members of the Settlement Class as that term is defined herein.

3. This Court certifies this action, for settlement purposes only, as a Class Action.

4. The following Settlement Class, provisionally certified by the Court in its Order dated September 8, 2010, is hereby certified for settlement purposes only, and is hereinafter referred to as the "Settlement Class":

All persons:

(1) who purchased a Motor Vehicle, and as part of that transaction entered into an agreement subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code §2981, *et seq.*;

(2) whose contract was assigned to CREDIT ACCEPTANCE;

(3) whose Motor Vehicle was repossessed or voluntarily surrendered;

(4) who were issued an NOI by CREDIT ACCEPTANCE during the Class Period (December 8, 2005 to January 18, 2010); and

(5) against whose account a deficiency balance was assessed in any amount.

The Settlement Class does not include persons who have obtained a bankruptcy

discharge of the alleged debt to CREDIT ACCEPTANCE or persons who filed for bankruptcy but whose cases are still pending in the bankruptcy court. The Settlement Class also does not include any person against whom CREDIT ACCPEPTANCE obtained a judgment prior to January 1, 2010.

5. This Court finds on the record before it that the Settlement Class meets the requirements for class certification for settlement purposes only because the Settlement Class is so numerous that joinder of all members is impracticable.

6. This Court finds on the record before it that the Settlement Class meets the requirements for class certification for settlement purposes only because questions of law or fact common to the issues to be reviewed in connection with the Settlement predominate over the questions affecting only individual members for the purpose of implementing the Settlement in accordance with the Settlement Agreement.

7. This Court finds on the record before it that the Settlement Class meets the requirements for class certification for settlement purposes only because Plaintiffs' claims are typical of the claims of the Settlement Class as a whole.

8. This Court finds on the record before it, that the Settlement Class meets the requirements for class certification for settlement purposes only because Plaintiffs and their Class Counsel have adequately represented and will continue to adequately represent and protect the interests of the Settlement Class.

9. This Court finds on the record before it that the Settlement Class is appropriate for certification for settlement purposes only because certification of the Settlement Class for settlement purposes only by this Court in this action is superior to other available methods for the fair and efficient adjudication of the issues before this Court at this time. Manageability issues do not prevent certification here because there will be no trial.

10. The individual Class Notice by mail, given to each member of the Settlement Class at updated mailing addresses, constitutes the best notice practicable and is in full

compliance with the requirements of Federal Rules of Civil Procedure and due process of law.

11. This Court finds that the Settlement and the Settlement Agreement are the product of arm's length negotiations between the parties and that the terms thereof are fair, reasonable, adequate, and in the best interests of the Settlement Class and are therefore approved and incorporated herein by the Court.

12. The Settlement and Settlement Agreement should be implemented and consummated in accordance with the terms of the Settlement Agreement. To the extent already implemented by the parties, such implementation is hereby approved and ratified by the Court.

13. Upon the Effective Date of Settlement, the Plaintiffs and all Settlement Class members and their heirs, executors, estates, predecessors, successors, assigns, agents and representatives shall be deemed to have jointly and severally released and forever discharged CREDIT ACCEPTANCE from any and all Released Claims as specifically set forth in sections 5.09 and 5.10 of the Settlement Agreement.

14. Settlement Class members expressly waive and relinquish any and all rights and benefits which they may have under, or which may be conferred upon them by, the provisions of §1542 of the California Civil Code, as set forth in the Settlement Agreement.

15. This action is hereby dismissed, on the merits, with prejudice, on the terms set forth in the Settlement Agreement, and without any award of attorneys' fees or costs except as expressly provided in the Settlement Agreement and in this Final Order and Judgment.

16. The terms of the Agreement and this Judgment shall be forever binding on, and shall have *res judicata* effect in any pending or future lawsuits or proceedings that may be brought or maintained by or on behalf of any Settlement Class members. This Court hereby bars and enjoins: (i) All Settlement Class members, and all persons acting on behalf of, or in concert or participation with, such Settlement Class members, from filing, commencing, prosecuting,

intervening in, or participating in, any lawsuit in any jurisdiction on behalf of any Settlement Class member, based upon or asserting any of the Released Claims; and (ii) All Settlement Class members, and all persons acting on behalf of or in concert or participation with such Settlement Class members, from bringing a class action on behalf of Settlement Class members or seeking to certify a class which includes such Settlement Class members, in any lawsuit based upon or asserting any of the Released Claims.

17. Attached to this Judgment as **Exhibit 1** is a true and correct list of all Settlement Class members who timely submitted Requests for Exclusion. No Settlement Class members, other than those listed in Exhibit 1, are excluded from the Class, or from the effect of this Judgment.

18. It is expressly determined that there is no just reason for delay and the entry of this Judgment expressly is hereby directed. In the event that this Judgment is appealed, its mandate will automatically be stayed until and unless the Judgment is affirmed in its entirety by the court of last resort to which such appeal(s) has (have) been taken and such affirmance is no longer subject to further appeal or review.

19. This Final Order and Judgment is final for purposes of appeal and may be appealed, and the Clerk is hereby directed to enter Judgment thereon.

20. Attorneys' fees and reimbursement of expenses to Class Counsel in the amount of $100,000, plus a class representative incentive payment of $3,000 to each Representative Plaintiff, are hereby approved as fair and reasonable. CREDIT ACCEPTANCE shall make such payments in accordance with the terms of the Settlement Agreement.

21. Any and all objections to the Settlement and the Settlement Agreement are overruled as being without merit.

22. In the event that the Settlement does not become effective in accordance with the

terms of the Settlement Agreement, then this Judgment shall be rendered null and void and be vacated and the Settlement Agreement and all orders entered in connection therewith shall be rendered null and void.

23. The Parties are directed to carry out their obligations under the Settlement Agreement.

24. Jurisdiction is hereby reserved by this Court to assure compliance with all terms of this Settlement, accordance with the Settlement Agreement and this Order.

**SO ORDERED**

Dated: ___January 12___, 2011



The Honorable Phyllis J. Hamilton

# EXHIBIT 1

## LIST OF CLASS MEMBERS WHO TIMELY REQUESTED EXCLUSION

1. Jose Torres

PROOF OF SERVICE

Re: *Morrison v. Credit Acceptance, et al.*
USDC-ND California Case No. C10-00549 PJH
Alameda County Superior Court Case No. RG09488023

I, Sean R. Barry, certify that I am not a party to the proceeding herein, that I am and was at the time of service over the age of 18 years old, and a resident of the State of California. My business address is 445 Bush Street, San Francisco, California 94108.

On December 9, 2010, I served the following:

**NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT**

**DECLARATION OF NANCY BARRON IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**DECLARATION OF MARK A. CHAVEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL AND AWARD OF COSTS AND ATTORNEYS' FEES**

**DECLARATION OF ERLINDA DEL ROSARIO IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**DECLARATION OF MARIA DEL ROSARIO IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**DECLARATION OF BRYAN KEMNITZER IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**DECLARATION OF WILLIAM M. KRIEG IN SUPPORT OF REQUEST FOR ATTORNEY'S FEES**

**DECLARATION OF GARY B. McGAHA IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**DECLARATION OF ANDRE MORRISON IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**DECLARATION OF L. STEPHENS TILGHMAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**[PROPOSED] FINAL ORDER AND JUDGMENT**

by depositing true copies thereof, enclosed in separate, sealed envelopes, each of which was addressed respectively to the person(s) and address(es) shown below, for collection and

processing for mailing following this business' ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with the postage thereon fully prepaid, in the United States mail at San Francisco, California.

Mark D. Lonergan
Regina J. McClendon
Erik Kemp
SEVERSON & WERSON
One Embarcadero Center, Ste. 2600
San Francisco, CA 94111
Attorneys for Defendant CREDIT ACCEPTANCE CORPORATION

William M. Krieg
KEMNITZER, BARRON & KRIEG
2014 Tulare St., Ste. 700
Fresno, CA 93721
Co-Attorneys for Plaintiff

Mark A. Chavez
CHAVEZ & GERTLER
42 Miller Ave.
Mill Valley, CA 94941
Co-Attorneys for Plaintiff

Gary B. McGaha
PUBLIC LAW CENTER
601 Civic Center Dr. West
Santa Ana, CA 92701

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 9, 2010

Sean R. Barry